TOBIN KESSLER GREENSTEIN
CARUSO WIENER & KONRAY, P.C.
ROY J. KONRAY, ESQ.
Attorney ID No. 018831975
rjk@teamlaw.com
136 Central Avenue, 3rd Floor
Clark, New Jersey 07066
(732) 388-5454
**Attorneys for Plaintiff -**
*Chris Hansen, Administrator Ad Prosequendum*
*Of the Estate of Sherri L. Hansen*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRIS HANSEN, Administrator Ad Prosequendum of the Estate of SHERRI L. HANSEN,<br><br>Plaintiff,<br><br>v.<br><br>DAVID F. SILVER, M.D. and John Doe 1-10, (fictitious names for individuals or companies whose identities are unknown),<br><br>Defendants. | Civil Action No.:<br><br>COMPLAINT AND JURY DEMAND<br><br>(Medical Malpractice) |

## PARTIES

Plaintiff, Chris Hansen, as Administrator Ad Prosequendum of the Estate of Sherri Hansen (pursuant to Letters of Administration issued by the Sussex County Surrogate Court), resides in the Township of Tranquility, County of Sussex, State of New Jersey.

Defendant, David F. Silver, M.D., resides in the Borough of Coopersburg, County of Lehigh and State of Pennsylvania.

1

## JURISDICTION

This court has original jurisdiction over this matter pursuant to 28 U.S.C. §1332, as the plaintiff and the defendant are citizens of different States and the amount in controversy exceeds $75,000.

## FACTUAL ALLEGATIONS

1. Decedent Sherri Hansen resided in the township of Tranquility, County of Sussex, State of New Jersey, with her husband, and their two minor children.

2. On January 10, 2013, Defendant, David F. Silver, M.D. performed surgery on Sherri L. Hansen at St. Luke's Warren Hospital in Phillipsburg, New Jersey. The primary purpose of the procedure was to remove benign uterine fibroids.

3. Defendant, Dr. Silver, negligently performed the procedure and failed to take reasonable steps to make sure he had controlled the bleeding in his patient before completing the operation. Dr. Silver was also negligent in the post-operative period by failing to assess the patient in person in a timely fashion after he learned that she was developing signs and symptoms suggestive of severe internal hemorrhage. See Affidavit of Merit from Michael Goldberg, M.D.

4. As a result of Defendant, David F. Silver's negligent failure to diagnose and treat internal bleeding, Sherri L. Hansen died less than 6 hours after the operation he performed.

5. Within two days from the death of Sherri Hansen, Defendant, Dr. Silver resigned from the hospital after he became aware that the hospital would be undertaking peer review of the case.

# CAUSES OF ACTION

### FIRST COUNT

6. Plaintiff repeats all of the allegations above as though set forth herein at length.

7. As a result of the negligence of Dr. Silver, the husband and minor children of Sherri L. Hansen, lost her guidance, care, advice and companionship and sustained other pecuniary injuries as a result of her death.

WHEREFORE, Plaintiff demands judgment against David F. Silver for compensatory damages pursuant to the New Jersey Wrongful Death Act, N.J.S.A. 2A 31-1 et seq.

### SECOND COUNT

8. Plaintiff repeats the allegations of the preceding Count as though set forth herein at length.

9. As a result of Dr. Silver's deviation from accepted standards of medical care, Sherri L. Hansen was injured and suffered anguish, pain, loss of enjoyment of life, disability and impairment prior to her death.

WHEREFORE, Plaintiff demands judgment against defendant David F. Silver, M.D. on this Count for compensatory damages, hedonic damages, costs of suit, interest and attorney's fees pursuant to the Executor's and Administrator's Act, N.J.S.A 2A:15-3 et seq.

### THIRD COUNT

10. Plaintiff repeats the allegations of the preceding Count as though set forth herein at length.

11. Defendants John Doe 1-10 are fictitious names for individuals or companies whose present role or negligence is not known but which may be known to defendant, David F. Siler,

M.D. To the extent any of the John Doe defendants were negligent and that negligence contributed to the death of Sherri L. Hansen, Plaintiff demands judgment against the John Doe defendants pursuant to the New Jersey Wrongful Death Act and the New Jersey Executor's and Administrators Act.

## DEMAND

WHEREFORE, plaintiff Chris Hansen demands judgment on all Counts against Defendants, David F. Silver, M.D. and John Doe 1-10, (fictitious names for individuals or companies whose identities are unknown), for:

(a) damages;

(b) costs of suit, interest and attorneys' fees;

(c) any further relief that the court may deem appropriate.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues.

TOBIN KESSLER GREENSTEIN
CARUSO WIENER KONRAY, P.C
Attorneys for Plaintiffs

DATED: January 8, 2015          By:    /s/ Roy J. Konray
                                        ROY J. KONRAY, ESQ.